United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Ervin L. Watson, II, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 22-60966-Scola |
| Broward County Judicial Circuit, | ) |
| Defendant. | ) |

### Order Dismissing Case

This case is before the Court on a motion for removal, filed by pro se plaintiff Ervin Watson. ("Mot.," ECF No. 1.) Watson seeks to remove his state criminal proceedings to federal court, through the procedures codified in 28 U.S.C. § 1455. For the reasons discussed below, Watson's motion is **denied**, and the case is **remanded**.

**1. Discussion**

Watson faces a slew of charges in Florida state court, including burglary, resisting arrest, and murder. (ECF No. 1-1 at 2, 11, 20.) He seeks to remove Case Nos. 16005365CF10A, 17001812CF10A, and 18000084CF10A to federal court from the 17th Judicial Circuit in and for Broward County. (Mot. at 1.)

In certain limited circumstances, a defendant may remove a criminal prosecution from state court to federal court using the procedures set forth in 28 U.S.C. § 1455. Upon filing of a notice of such a notice of removal, "[t]he United States district court in which such notice is filed shall examine the notice promptly," and, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." § 1455(b)(4).

Here, having carefully examined Watson's motion and the attached exhibit, the Court finds that removal should not be permitted because Watson has failed to demonstrate any of the grounds for removal recognized by federal law. *See* §§ 1442, 1442a, 1443. The sole reason that Watson has provided—his alleged membership within the Freemasonic order—has no relevance to the issue of removal. (Mot. at 2.) Moreover, Watson's notice of removal is untimely pursuant to § 1455(b)(1), since it was filed more than thirty days after Watson's arraignment in each of the three cases he seeks to remove. (ECF No. 1-1 at 8, 19, 37.) Consequently, this case is appropriate for summary remand pursuant to § 1455(b)(4).

## 2. Conclusion

Accordingly, this case is **remanded** to the Seventeenth Judicial Circuit in and for Broward County, Florida. The clerk is directed to **close** this case and **mail** a copy of this order to the address below.

**Done and ordered** in Miami, Florida, on May 23, 2022.

_____
Robert N. Scola, Jr.
United States District Judge

*Copy, via U.S. Mail, to*
Ervin L. Watson II
501705054
Broward County Main Jail
Inmate Mail/Parcels
PO Box 9356
Fort Lauderdale, FL 33310


Noticing 2254 SAG Broward and North
Email: CrimAppWPB@MyFloridaLegal.com